## The St. Mary's African Methodist Episcopal Church, Plaintiff in Error, v. The German Lutheran Church et al., Defendants in Error.

### Gen. No. 16,240.

ASSUMPSIT—*when lies to recover money paid out without authority.* If the pastor of a church disburses its funds without authority the amount so disbursed may be recovered by the church, as parties receiving such money are bound to ascertain at their peril whether such pastor was authorized to disburse the same.

Error to the Municipal Court of Chicago; the HON. JOHN H. HUME, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1910.   Reversed with finding of fact.   Opinion filed February 6, 1912.

ABEL L. ALLEN, for plaintiff in error.

RUDOLPH D. HUSZAGH, for defendants in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

An action was brought in the Municipal Court to recover $400 deposited by Rev. W. H. Saunders, pastor of the St. Mary's African Methodist Episcopal Church, a corporation, plaintiff below and plaintiff in error here, with the German Lutheran Church, a corporation, and A. C. Daul, defendants below and defendants in error, in the matter of the conditional purchase of certain church property.

The case was tried by the court without a jury and

resulted in a finding and judgment for the defendants.

There is little dispute in the evidence as to the material facts. The evidence shows that the money in question belonged to the plaintiff below. It appears that the Rev. Saunders, pastor of the plaintiff church, together with certain members of the church and trustees, made a proposition to purchase a church property owned by the defendant church, and in furtherance of that proposition, after examining the property, the Rev. W. H. Saunders deposited with the defendant church and A. C. Daul, a trustee of the church, the $400 in question, for an option upon the property, the purchase of which, if made, was to be consummated on or before March 1, 1909. The $400 was deposited September 12, 1908.

The evidence is clear that the Rev. Saunders acted in the matter of the purchase of this property and in depositing the money without any authority from the church or its board of trustees. He had in his possession $400 belonging to the church, $200 of it having been derived from a church carnival or festival, and the other $200 from subscriptions made to the church; and without any authority whatever from either the church itself, or its board of trustees, he took the money belonging to the church and deposited it with the defendants to apply on the proposed purchase.

There is a controversy in the evidence as to whether a receipt was given for the money by the trustees of the defendant church or not. It is contended on behalf of the plaintiff that no paper of any kind was passed between the parties. On the part of the defendants it is claimed that a receipt was given in the following words and figures:

"Received of W. H. Saunders for the option to purchase church property on Dearborn street near 49th street in Chicago, Illinois, on or before March 1st, 1909, at the price of Seventeen Thousand Five Hundred Dollars.

Should said purchase be consummated said Four Hundred Dollars to be applied upon the purchase price, otherwise to be forfeited as liquidated damages and payment for said option.

The Trustees,

H. A. Radd
A. C. Daul
J. R. Roblin.

Dated September 12, 1908.''

In our opinion it is unimportant to a determination of the case whether or not the receipt was given. The fact is practically conceded that the $400 mentioned in the receipt was paid by the Rev. Saunders to the defendants.

It is contended on behalf of the defendants in error that the contract between the parties is void because of the Statute of Frauds, and that in any event Saunders abandoned the purchase before the time expired and cannot recover the money back without having completed his contract. This contention, we think, is aside and apart from the real issue in the case and should not be allowed to come into the case and cloud and confuse the issues. Saunders did not bring the suit for the money in question, did not own the money, and, as we have said above, did not have any right or authority to dispose of it in the way he did. The defendant knew that Saunders was simply the pastor of the plaintiff church, and that as such pastor he had no authority whatever to dispose of the church funds in his hands for the purpose of purchasing a church property. The defendant was bound to see and know that Saunders was acting under proper authority from the church and from the trustees. The trustees themselves of the plaintiff church would have no authority to make the purchase and pay out the money in question, unless they were duly authorized so to do by a vote of the plaintiff church, and no one on behalf of the church would then be authorized

to pay out the money except on the action of the board of trustees, which under the law has charge of all the property of the church.   (Sec. 43, chap. 32 R. S.)

These substantial requirements as to authority to act are obvious and clear, and the absence of authority in the pastor to conduct business negotiations of the character shown in the record unless authorized specifically so to do by the proper authorities of the church, compels the conclusion that the defendants had no right to rely upon the agency of Saunders from the mere fact that he assumed to act in the matter.   They were bound to inquire as to the authority to pay over the money.   Schneider v. Lebanon D. & C. Co., 73 Ill. App. 612.

In our opinion the evidence shows that the defendants have $400 of the plaintiff's money in their possession, paid to them by Saunders without authority, and that in justice and law they should repay the money to the plaintiff in error.

The judgment of the court below is erroneous and is accordingly reversed, and a finding of fact is made in favor of the plaintiff in error, plaintiff below, and a judgment is entered in this court upon such finding against the defendants in error.

*Reversed with finding of fact and judgment.*